**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ROBIN SIMMS,** | |
| **Plaintiff,** | **Civil Action File No. 1:12-CV-4493-WSD** |
| **Vs.** | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR CARRINGTON HOME EQUITY LOAN TRUST SERIES 2005-NC4 ASSET BACKED PASS THROUGH CERTIFICATES, NEW CENTURY HOME MORTGAGE CORPORATION, MCCURDY & CANDLER, LLC, AND GREG SCHLEPPY, SENIOR VICE PRESIDENT OF CARRINGTON MORTGAGE SERVICES,** | |
| **Defendants.** | |

**PLAINTIFF'S RESPONSE TO DEFENDANT BANK OF AMERICA, N.A.
SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP'S
MOTION TO DISMISS**

**COMES NOW** Plaintiff, Robin Simms, by and through Counsel, and hereby files this response in opposition to Defendant's Motion to Dismiss. Plaintiff submits that none of the grounds raised by Defendant have merit and their Motion to Dismiss should be denied.

## I.   APPLICABLE STANDARDS

### A. <u>Motion to Dismiss</u>

Defendants bear a heavy burden with their Motion to Dismiss as such a Motion is viewed with disfavor and is rarely granted.  *Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364,1369 (11th Cir. 1997); *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999); *see also International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service,* 400 F.2d 465, 471 (5th Cir. 1968)(" Dismissal of a claim on the basis of bare bone pleadings is a precarious disposition with a high mortality rate.").  It is well settled that on a motion to dismiss, Plaintiff's allegations must be accepted as true, and the complaint must be construed in a light most favorable to the plaintiff. *Brooks,* 116 F.3d at 1369; *see also Plante v. USF&G Specialty Insurance Co.,* 2004 WL 741382, *2 (S.D. Fla. 3/2/04).  Any reasonable inferences that may be drawn from the complaint are also accepted as true. *Plante,* 2004 WL 741382, at *2; *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir. 1994); *see also Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir. 1992)(when deciding  a motion to dismiss, all doubts are resolved in favor of the complainant); *McDougal v. County of Imperial,* 942 F.2d 668, 676 (9th Cir. 1991)(a motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted,

and a complaint will not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief). Moreover, the Eleventh Circuit has explained this heavy burden with the following:

[T]he Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Tiftarea Shopper, Inc. v. Georgia Shopper, Inc.,* 786 F.2d 1115, 1117-18 (11th Cir.1986) (quoting *Conley). Id.* A complaint may not be dismissed because the plaintiffs' claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory. *Robertson v. Johnston,* 376 F.2d 43 (5th Cir. 1967). *Brooks,* 116 F.3d at 1369.

There is no question that Plaintiff has alleged facts that support each of her claims. Moreover, Defendant appears to be challenging the factual allegations in the complaint which is wholly inappropriate for a Motion to Dismiss. Specifically, a motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case.

See 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §
1356 (2d ed.1990). Consequently, the Court's inquiry is limited to the contents of
the complaint. *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993).A
motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely
granted. Wright & Miller, § 357 at 321.   This Court is under a duty to examine the
Complaint to determine if the allegations provide for relief on any possible theory.
Dismissal is justified only if the allegations of the Complaint clearly demonstrate
that Plaintiff does not have a claim.

### B. Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and
plain statement of the claim showing that the pleader is entitled to relief"[1] The
Eleventh Circuit Court of Appeal has confirmed the "notice" pleading
requirements of federal court.

Before a court may dismiss a claim under Rule 12(b)(6), it must appear
beyond doubt that the plaintiff can prove no set of facts in support of her claim

---

[1] Pursuant to the Appendices to the Federal Rules of Civil Procedure, the notice pleading requirement can be satisfied with
something as simple as Form 9, which is a form complaint for negligence. Form 9 consists of:
1. Allegation of jurisdiction.
2. On [date], at [place], defendant negligently [did something] against plaintiff.
3. As a result plaintiff was [injured how], suffered [other losses such as business losses], suffered great pain of body and mind,
and incurred expenses for medical attention and hospitalization in the sum of [money]. Wherefore plaintiff demands judgment
against defendant in the sum of——— dollars and costs.
*See* U.S.C.S. Fed.R.Civ.Pro.Appx. Form 9

which would entitle her to relief.   Neither "notice pleading" requirements (Fed.R.Civ.P. 8(a)(2)) nor the standards which govern dismissals  under Rule 12(b)(6) require a claimant to set out in detail the facts upon which he bases his claim. Pretrial procedures such as summary judgment (Fed.R.Civ.P. 56) and the motion for a more definite statement (Fed.R.Civ.P. 12(a)) are the appropriate devices to narrow the issues and disclose the boundaries of the claim or defense. *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995).

The Federal Rules provide for a liberal pleading standard, relying on discovery and summary judgment motions to define the facts and issues and dispose of unmeritorious claims. *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312,1314-1315 (11th Cir. 2004); *see also Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959) ("Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues."); *Banco Continental v. Curtiss National Bank of Miami Springs,* 406 F.2d 510,514 (5th Cir. 1969) ("The purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities.").

In *Conley v. Gibson,* 355 U.S. 41,47, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), the Supreme Court, speaking through Mr. Justice Black, stressed the liberality which should be accorded pleadings according to the Federal Rules of Civil Procedure, and said that these rules:

> '* * * do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. * * *

The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Banco Continental,* 406 F.2d at 512.  Defendants seek to hold Plaintiff to a heightened "fact pleading" requirement which does not exist.   Plaintiff has satisfied the notice pleading requirements of Rule 8.

## III. ARGUMENT

Defendants seek to dismiss each of the counts in Plaintiff's Complaint.  As set forth below, Plaintiff has adequately pled her claims against Defendant such that Defendant's Motion to Dismiss must be denied, in accordance with the

standards discussed above.

## A. WRONGFUL FORECLOSURE INAPPROPRIATE FOR MOTION TO DISMISS BECAUSE OF FACTUAL CHALLENGES

In Georgia a Prima Facie case of Wrongful Foreclosure is established where the defendant asserting a claim of wrongful foreclosure establishes a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. *All Fleet Refinishing, Inc. v. West Georgia Nat. Bank* 280 Ga.App. 676, 634 S.E.2d 802. See Also, *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286(2), 443 S.E.2d 837 (1994); *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga.App. 369, 371(1), 601 S.E.2d 842 (2004

Defendant asserts that the Security Deed and Assignment are valid and Plaintiff lacks standing to challenge the assignment. This argument is inappropriate on a motion to dismiss because it is an issue of fact and it is always appropriate to challenge whether a real estate conveyance complies with the requirements of Georgia law. Under Georgia law to produce a valid deed effective to pass title to real property, there are certain basic elements which must exist:

(a) A written original instrument purporting to convey title to land.

(b) A grantor that is a person or legal entity possessing contractual powers.

While under O.C.G.A. § 44-5-41, the deed of a minor is generally voidable, § 44-5-41 permits conveyances of real estate by persons who are 18 years of age.

(c) A grantee, who must be a legal entity, but need not necessarily be competent or sui juris.

(d) Words of conveyance.

(e) A description sufficient to identify the land.

(f) Signature of the grantor.

(g) Delivery of the instrument to the grantee or to someone on his behalf.

The Code points out two other requirements which cannot be considered basic, since the deed is valid between the parties in their absence:

(a) A good or valuable consideration. A deed of gift may be valid, without any of the ingredients of a valuable consideration as required for contracts generally.

(b) Attestation by at least two witnesses. This requirement goes only to the recordability of the deed.

Whether the security deed in this case complies with Georgia law requires the Court to examine the deed as well as the facts surrounding each element, thus this determination is inappropriate for a motion to dismiss.

Additionally, Georgia Courts, as well as the other forty nine states, have held that a mortgagor has standing depending on the nature of the alleged claims. Georgia has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid. A contract that is void never attains legal effect as a contract and cannot be enforced, whereas a contract that is voidable is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract.

This is long standing legal principal is founded on the most elementary and basic fact that, a "void contract is invalid or unlawful from its inception.  It is a mere nullity and never attains legal effect as a contract. A void contract is based on a promise of which the law neither gives a remedy nor otherwise recognizes a duty of performance by the promisor, and therefore, cannot be enforced. On the other hand, a voidable contract is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract. It is often said that a void deed is a nullity; it cannot be made valid by ratification or confirmation; it never becomes valid by mere lapse of time; and it may be declared void in any proceeding, whenever presented as valid, in any court. See, *Bracewell v. King*, 147 Ga. App. 691, 250 S.E.2d 25 (1978). "Nothing can be

founded on a deed which is absolutely void, whereas from those which are only voidable fair titles may flow." 2 Ga. Real Estate Law & Procedure § 19:16 (7th ed.), see also *Somes v. Brewer*, 19 Mass. 184, 191, 2 Pick. 184, 1824 WL 1887 (1824).

A contract is considered void where one of the elements essential for the formation of a valid contract is missing, or where the contract was made in violation of a legal prescription or prohibition established for reasons of public order. A party cannot consent to an agreement that violates state law.

A voidable agreement is one subject to rescission or ratification, whereas a void agreement is incapable of ratification or disaffirmance. Only the parties to a contract may assert its nullity by virtue of a defect in consent. Thus, in the case of a voidable contract, if neither party seeks avoidance, the court cannot void the contract, and the contract remains valid. In order to preclude a party from asserting a cause of action arising from a contract, it must have been judicially declared to be a void contract. If a contract is not void, but only voidable, a defendant cannot vitiate it as against an innocent third party. 17A C.J.S. Contracts § 169; *See also Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013) (determining that a mortgagor does not have standing to challenge a mortgage assignment if the premise for the challenge would "render [the assignment] merely

voidable at the election of one party but otherwise effective to pass legal title");
*See generally Commonwealth Prop. Advocates, L.L.C., v. Mortg. Elec.
Registration Sys.,* 680 F.3d 1194 (10th Cir. 2011) (establishing that mortgagors
have both Article III standing and prudential standing in challenging the transfer of
a debt instrument) *Minnifield v. Johnson & Freedman, LLC,* 448 F. App'x 914
(11th Cir. 2011) (borrower successfully challenged mortgage assignment that had a
retroactive effective date as not being effective against mortgagor as a third party
and, thus, did not provide assignee with retroactive standing to initiate foreclosure
proceedings.) <u>Ford v. Reddick,</u> 319 Ga. App. 482, 483, 735 S.E.2d 809, 810 (2012)
(trial court held that the deeds were invalid because they attempted to convey
property to the trust instead of to a trustee. See also 2 Daniel F. Hinkel, Pindar's
Ga. Real Estate Law & Procedure § 19–137 (6th ed.2012). And under OCGA §
53–12–25(a), the "[t]ransfer of property to a trust shall require a transfer of legal
title to the trustee." In other words, in order for a deed to convey property to a
trust, the trustee must be designated as the grantee of legal title.)

Thus the "law is settled that the obligors of a claim may defend the suit
brought thereon on any ground which renders the assignment void, but may not
defend on any ground which renders the assignment voidable only, because the
only interest or right which an obligor of a claim has in the instrument of

assignment is to insure himself that he will not pay the same claim twice. _Groover_

_v. Peters_, 231 Ga. 531, 202 S.E.2d 413, 414 (1973)[2] (establishing that borrower has

a duty to determine the validity of assignments to protect himself from double

payment). see _Tri-Cities_, 523 S.W. 2d at 430 (citing _Glass v. Carpenter_, 330 S.W.

2d 530, 537 (Tex. Civ. App. 1959)). "This rule accords with long-established

principles of contract law. A void contract is 'invalid or unlawful from its

inception' and therefore cannot be enforced." _Tyler,_ 2013 U.S. Dist. LEXIS 61383,

2013 WL 1821754, (2013_)._

    Finally Defendant alleges that Plaintiff cannot establish causation, thus her

complaint must be dismissed.  A Wrongful foreclosure action may be based upon

fraud, intentional tort, negligence, breach of contract by the creditor, or intentional

failure to comply with a statutory duty. _Ga. Real Estate Finance and Foreclosure_

_Law § 8:11 (2012-2013 ed.)_As in tort actions, generally, a wrongful-foreclosure

plaintiff must establish a causal link between the defendant's misconduct and the

resulting financial harm. _Gregorakos v. Wells Fargo Nat. Ass'n_, 285 Ga. App. 744,

---

[2] The maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine same and pay only the holder or his authorized agent. See Wilcox, Gibbs & Company v. Aultman, 64 Ga. 544; Walton Guano Company v. McCall, 111 Ga. 114, 36 S.E. 469; Bank Of The University v. Tuck, 96 Ga. 456, 465, 23 S.E. 467. There is no evidence in the record which even indicates that Norwood was the agent of the appellant.
The long and short of the matter is that the borrower must be as careful in repaying the debt as the lender presumptively was in making the loan.

647 S.E.2d 289 (2007); *Heritage Creek Development Corp. v. Colonial Bank*, 268 Ga. App. 369, 601 S.E.2d 842 (2004) (nonresidential property). 52 Causes of Action 2d 119 (Originally published in 2012). Georgia courts have held that "if a foreclosing creditor fails to comply with the statutory duty to provide the debtor notice of sale, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure. *Roylston v. Bank of America*, N.A., 290 Ga. App. 556, 660 S.E.2d 412 (2008). 52 Causes of Action 2d 119 (Originally published in 2012)

"The four elements to any tort action are a duty, a breach of that duty, causation and damages." *Traina Enterprises v. RaceTrac Petroleum,* 241 Ga.App. 18, 525 S.E.2d 712 (1999). To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. *Grinold v. Farist,* 284 Ga.App. 120, 121–122(1), 643 S.E.2d 253 (2007). Barrett Properties, LLC v. Roberts Capitol, Inc., 316 Ga. App. 507, 509, 729 S.E.2d 621, 623-24 (2012). Causation is almost always a question for the jury. *Modern Tort Law: Liability and Litigation § 27:95 (2d ed.), See Mazda Motor Corp. v. Lindahl, 706 A.2d 526 (Del.*

- 13 -

*1998)(crashworthiness case); Lovick v. Wil-Rich, 588 N.W.2d 688 (Iowa*

*1999);Yamaha Motor Co., U.S.A. v. Arnoult, 114 Nev. 233, 955 P.2d 661 (1998)(to*

*establish prima facie case of negligence or strict liability, plaintiff must satisfy*

*element of proximate **causation**) (proximate **causation** is generally an issue for the*

*jury to resolve); Wood v. Old Trapper Taxi, 286 Mont. 18, 952 P.2d 1375 (1997).*

"Causation is a fact. Whether negligent conduct is a cause-in-fact of an injury is a

question of fact for the trier of fact", 1 Modern Tort Law: Liability and Litigation §

4:3 (2d ed.)  Accordingly, this issue is also improperly decided on a motion to

dismiss.

### B. <u>DEFENDANTS WAIVED SERVICE</u>

Defendants Deutsche Bank National Trust Company and  McCurdy Candler

entered a general entry of appearance and through counsel on March 15, 2013, thus

Service is considered perfected on said date.  A waiver of service by appearance is

in effect a substitute for service, and the time the appearance is made is the

equivalent of the time service of process is made in a case., *See, Keith v. Alexander*

*Underwriters Gen. Agency, Inc.*, 219 Ga. App. 36, 39, 463 S.E.2d 732, 734 (1995).

## IV. CONCLUSION

Under notice pleadings the complaint is not required to set out all facts upon which the action is based as under issue pleadings. The complaint is sufficient to withstand a motion to dismiss for failure to state a claim when the complaint puts the parties on notice as to the nature of the action in a short and plain statement of the claim upon which the Plaintiff relies for recovery and a general indication of the type of litigation involved. A complaint is not required to set forth a cause of action by pleading facts which establish the elements of the action, but a complaint is merely required to set forth a claim for relief. Pursuant to the Civil Practice Act negligence is easily pled, and the complaint at the bare minimum need only allege that "the defendant was negligent" and that the "negligence caused injury and damages." *Ga. Practice & Procedure* § 9:5 (2010-2011 ed.). Additionally, when a motion to dismiss the action is composed of several counts, where at least one of the counts sets forth a claim, the motion must be denied.

The Defendants' motion must be denied for the following reasons: 1) the Plaintiff's complaint put the Defendants on notice as to the nature of the action in a short and plain statement of the claim upon which the plaintiffs rely for recovery and a general indication of the type of litigation involved. This is evidenced by Defendants' exhaustive analysis of plaintiff's complaint in their Motion to Dismiss

and 2) Plaintiff clearly states a claim for wrongful foreclosure through the averments contained in the complaint and a motion to dismiss must be denied "where one of the counts sets forth a claim. *Western Contr. Corp. v. State Hwy. Dept.*, 123 Ga.App. 331, 333(1), 181 S.E.2d 89.  Moreover, Defendants waived service.  Accordingly, the Defendant's argument is more appropriate for the summary-judgment stage than the motion-to-dismiss stage of the proceedings after discovery. *Racette v. Bank of Am., N.A.*, 318 Ga. App. 171, 177, 733 S.E.2d 457, 463-64 (2012)

This 12th day of August, 2013.                    Respectfully Submitted,


                                                  /s/Deirdre M. Stephens-Johnson
                                                  Deirdre M. Stephens-Johnson
                                                  Georgia Bar No. 678789

4567 Rockbridge Rd. #1537
Pine Lake, GA 30072
(404) 537-3002 phone
(404) 537-3003 fax

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was prepaid in 14 point Times New Roman Font and complied with the margin and formatting requirements of L.R. 5.1 N.D.Ga.

This 12th day of August, 2013.          Respectfully Submitted


/s/Deirdre M. Stephens-Johnson
Deirdre M. Stephens-Johnson
Georgia Bar No. 678789

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ROBIN SIMMS,** | |
| **Plaintiff,** | **Civil Action File No. 1:12-CV-4493-WSD** |
| **Vs.** | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR CARRINGTON HOME EQUITY LOAN TRUST SERIES 2005-NC4 ASSET BACKED PASS THROUGH CERTIFICATES, NEW CENTURY HOME MORTGAGE CORPORATION, MCCURDY & CANDLER, LLC, AND GREG SCHLEPPY, SENIOR VICE PRESIDENT OF CARRINGTON MORTGAGE SERVICES,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a true and correct copy of

the ***Plaintiff's Response to Defendant's Motion to Dismiss*** *upon* Defendants

counsel of record via the CM/ECF system:

This 12th day of August, 2013

/s/Deirdre M. Stephens-Johnson

Deirdre M. Stephens-Johnson
Georgia Bar No. 678789

4567 Rockbridge Rd. #1537
Pine Lake, GA 30072
(404) 537-3002 phone
(404) 537-3003 fax