IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN SIMMS,

          Plaintiff,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE
FOR CARRINGTON HOME
EQUITY LOAN TRUST, SERIES
2005-NC4 ASSET BACKED PASS-
THROUGH CERTIFICATES, NEW
CENTURY HOME MORTGAGE
CORPORATION, MCCURDY
CANDLER, and GREG
SCHLEPPY, SENIOR VICE
PRESIDENT OF CARRINGTON
MORTGAGE SERVICES,

          Defendants.

1:12-cv-4493-WSD

**OPINION AND ORDER**

    This matter is before the Court on Defendants Deutsche Bank National Trust Company as Trustee for Carrington Home Equity Loan Trust Series 2005-NC4 Asset Backed Pass Through Certificates ("Deutsche Bank"), McCurdy and Candler ("McCurdy"), and Greg Schleppy's ("Schleppy") (collectively, "Defendants")[1]

---

[1]    On February 19, 2013, New Century Home Mortgage Corporation ("New Century") filed a Suggestion of Bankruptcy [2] which asserts that Plaintiff is precluded from obtaining monetary relief against New Century pursuant to the

Response [9] to the Court's May 2, 2013, Show Cause Order [8]. Also before the Court are Plaintiff Robin Simms's ("Plaintiff" or "Simms") Objection to Defendants' Response [11][2] and "Reversal of Wrongful Foreclosure and Motion for Default Judgment ("Motion for Default Judgment") [12], and Defendants' Motion to Dismiss [15] and Motion to Stay [16].

## I.   BACKGROUND

On April 4, 2005, Plaintiff obtained a loan from New Century Mortgage Corporation ("New Century"), secured by a deed ("Security Deed") to real property located at 780 Yorkshire Place SW, Lilburn, Georgia (the "Property"). (Compl. ¶ 8). Plaintiff executed the Security Deed in favor of New Century. (Id.).

On November 23, 2010, New Century assigned its rights under the Security Deed (the "Assignment") to Deutsche Bank. (Compl. ¶ 8 & Ex. A [1.1]).

On December 3, 2012, McCurdy, on behalf of Deutsche Bank, notified Plaintiff that the balance of her loan had been accelerated and that a foreclosure sale of the Property was scheduled for January 2, 2013. (Compl. ¶¶ 9, 48).

---

bankruptcy court's order confirming New Century's bankruptcy plan. Plaintiff does not object, and to the extent New Century requests to be dismissed from this action, New Century's request is granted.

[2]   Plaintiff's Objection to Defendants' Response also appears to be her response to the Court's May 10, 2013, Order [10] directing Plaintiff to show cause why this action should not be dismissed for failure to effectuate service of process.

On December 31, 2012, Plaintiff, initially proceeding *pro se*, filed her Complaint [1] "seeking damages and penalties for the past and future claims that violate the False Claims Act, 31 U.S.C. § 3729, and the common law," and to enjoin Defendants from foreclosing on the Property.  (Id. ¶¶ 1, 45-57).  Plaintiff asserts that Deutsche Bank lacks standing to foreclose on the Property, that the Assignment is not valid, that Defendants failed to modify Plaintiff's loan, and that Defendants failed to respond to Plaintiff's Qualified Written Requests ("QWRs").

On March 4, 2013, Plaintiff filed returns of service for McCurdy, Deutsche Bank and Schleppy, indicating that they were served with process, respectively, on March 4, January 28, and January 29, 2013.  The returns of service show that Plaintiff attempted service by delivering copies of the Complaint and Summons to Defendants via certified mail.

On March 15, 2013, John Andrle, an attorney with McCurdy, filed a Notice of Appearance on behalf of Deutsche Bank and McCurdy [7].

On May 2, 2013, the Court entered an order [8] directing Defendants to show cause why default should not be entered against them for failure to respond to Plaintiff's Complaint.

On May 8, 2013, Defendants responded to the Court's May 2nd Order, asserting that Plaintiff failed to serve process on Defendants and that this action is

3

subject to dismissal because the time period for service has expired.  Defendants contend that Plaintiff's attempt at service of process—mailing copies of the Complaint and Summons addressed to Defendants generally—is insufficient under Georgia law or Rule 4 of the Federal Rules of Civil Procedure.

On May 10, 2013, the Court entered an order [10] directing Plaintiff to show cause why this action should not be dismissed for failure to effectuate service of process.

On May 15, 2013, Plaintiff filed her Objection to Defendants' Response.  Plaintiff asserts that service was proper, including because Rule 4 permits service by certified mail.  Plaintiff also appears to argue that Defendants are precluded from claiming that service was ineffective because Andrle "entered his appearance in spite of his allegation of ineffective service and never addressed his concern until the show cause order response," and because New Century and Schleppy have not objected that service was ineffective.  (Pl's Obj. ¶¶ 5-8).

On June 4, 2013, the Property was sold at foreclosure.  (Defs' Resp. to Mot. for Default J. [13] at 2-3).

On June 5, 2013, Plaintiff filed her "Reversal of Wrongful Foreclosure Action and Motion for a Default Judgment," in which Plaintiff asserts that the "required Foreclosure notice did not appear for 4 consecutive weeks in publication

according to O.C.G.A. Section 44-14-162.2(a)" and that "[i]n spite of pending Litigation the Defendants have proceeded with an Illegal as well as Wrongful Foreclosure."  (Mot. for Default J. ¶¶ 2-3).[3]

On July 3, 2013, Defendants moved to dismiss Plaintiff's Complaint for insufficient service of process and failure to state a claim.

## II.   DISCUSSION

### A.   Service of Process

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(e) provides that an individual may be served by:

> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2)  doing any of the following:
>    (A)  delivering a copy of the summons and of the complaint to the individual personally;
>    (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion

---

[3]   In their Response to Plaintiff's Motion for Default Judgment, Defendants assert that the June 4, 2013, foreclosure sale was advertised in the Gwinnett Daily Post on May 9, 16, 23, and 30, 2013, and that the advertisement included the name of the foreclosing entity and a full and complete description of the Property. (Defs' Resp. to Mot. for Default J. at 3 & Ex. 1).

>    who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Similarly, Georgia law requires service to be made upon the defendant personally, or at his residence, or upon his agent. O.C.G.A. § 9-11-4(e)(2), (7).

Rule 4(h) provides that service of process may be made on a corporation, or other unincorporated association subject to suit,

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) states that service can be effected "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Under Georgia law, a plaintiff serves process on a corporation or limited liability company by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof."  O.C.G.A. § 9-11-4(e)(1); see also Anthony Hill Grading, Inc. v. SBS Inves., LLC, 678 S.E.2d 174, 177 (Ga. Ct. App. 2009) (applying O.C.G.A.

6

§ 9-11-4(e)(1) to limited liability companies).  If service cannot be made in that manner, Georgia law provides for substitute service upon the Secretary of State, along with a certification that the plaintiff has attempted service, that service could not be effected, and that plaintiff forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent.  O.C.G.A. § 9-11-4(e)(1).  If it appears that there is a last known address of a corporate office outside Georgia, plaintiff must, "in addition to and after such service upon the Secretary of State, mail . . . to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint."  Id.

Ultimately, a plaintiff is responsible for timely serving process on the defendant.  Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006) ("A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m).").  The Eleventh Circuit has held that "service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit."  Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 925

(11th Cir. 2003)).  When a defendant challenges service of process, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

While courts "are to give liberal construction to the pleadings of *pro se* litigants," such generosity does not excuse *pro se* litigants from failing "to conform to procedural rules."  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotes and cite omitted); see also Nelson v. Barden, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules").  Plaintiff is required to comply with the procedural rule here, and any "[f]ailure to understand Rule 4(m) does not excuse [her] failure to provide timely service."  Cain v. Abraxas, 209 F. App'x 94, 96 (3rd Cir. 2006).

    2.    *Analysis*

The Returns of Service indicate that Plaintiff attempted to serve Defendants by sending them copies of the Summons and Complaint by certified mail.  In their Response to the Court's May 2nd Order, Defendants asserted that Plaintiff failed to

serve process on any of the Defendants, including because service could not be perfected by mailing Defendants copies of the Summons and Complaint.  The Court's May 10th Order further put Plaintiff on notice that service was defective.

In her Objections to Defendants' Response, Plaintiff merely asserts that "[a]ll Defendants were served via Certified Mail on or after January 26, 2013," and that "[a]ccording to the instructions for filing a civil complaint service of a complaint may be perfected by certified mail (Rule 4)."  (Pl's Resp. ¶ 2).  Plaintiff does not allege that Defendants waived personal service of process, and she also does not allege that she sent Defendants a request for waiver of service as described in Federal Rule of Civil Procedure 4(d) or O.C.G.A. § 9-11-4(d).  Plaintiff's attempt to serve Defendants by mail is simply insufficient to perfect service of process on any of the Defendants in this case.  See Syer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (service by mail is insufficient to deliver a copy of the summons and complaint to an authorized agent under Federal Rule of Civil Procedure 4(h)(1)(B)); Ritts v. Dealers Alliance Credit Corp., 989 F.Supp. 1475, 1478 (N.D. Ga. 1997) ("[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service."); Madden v. Cleland, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia

law has no provision for service by mail."); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail. . . ."). More than 120 days have passed since Plaintiff filed her Complaint. Plaintiff has failed to perfect service on any of the Defendants, and she has not shown cause or attempted to show cause for this failure.[4] This action is required to be dismissed.[5]

---

[4] To the extent Plaintiff, and later her counsel, argue that Defendants waived service because Andrle filed a "general entry of appearance" on March 15, 2013, "[t]he Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances." See Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 490 (5th Cir. 1974) abrogated on other grounds as recognized in Ramos-Barrientos v. Bland, 661 F.3d 587 (11th Cir. 2011); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed.) ("It is no longer necessary to appear specially or employ any particular set of words to challenge a federal court's personal jurisdiction, venue, or service of process."). Rule 12 of the Federal Rules of Civil procedure simply require that a challenge to the Court's exercise of personal jurisdiction must be raised no later than the raising of other defenses under Rule 12. See, e.g., Product Promotions, 495 F.2d at 490; Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972). To the extent Plaintiff relies on Keith v. Alexander Underwriters Gen. Agency, Inc., 463 S.E.2d 732 (Ga. Ct. App. 1995), to support that Defendants' appearance constitutes a waiver of service, Keith applies Georgia law and it is "well-established that the sufficiency of an appearance or notice of appearance is tested by federal principles and not by state practice." See Wright & Miller § 1344. It is troubling that Plaintiff's counsel asserts an argument that does not have a sound legal basis.

[5] Because this action is required to be dismissed for failure to effectuate service of process, the Court does not reach the merits of Defendants' additional arguments for dismissal, including failure to state a claim.

10

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [15] is **GRANTED IN PART**. This action is **DISMISSED WITHOUT PREJUDICE** for failure to effectuate service of process on Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [12] and Defendants' Motion to Stay [16] are **DENIED AS MOOT**.

**SO ORDERED** this 22nd day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE